IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| James Joseph Conaway aka James J. Conaway, Jr.<br>_Debtor_ | CHAPTER 13 |
| Quicken Loans Inc.<br>_Movant_<br>vs.| NO. 16-10328 SR |
| James Joseph Conaway aka James J. Conaway, Jr.<br>_Debtor_ | |
| Frederick L. Reigle Esq.<br>_Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on Debtor's residence is **$4,793.20**, which breaks down as follows;

Post-Petition Payments:           August 2016 through October 2016 at $1,365.10 each
Fees & Costs Relating to Motion:  $1,026.00 ($850.00 in attorney fees & $176.00 in costs)
Suspense Balance:                 $328.10
**Total Post-Petition Arrears**       **$4,793.20**

2. Debtor shall cure said arrearages in the following manner;

a). Within seven (7) days of the filing of this Stipulation, Debtor shall tender a down payment of **$1,365.10**.

b). Beginning November 2016 and continuing through June 2017, until the arrearages are cured, Debtor shall pay the present regular monthly payment of **$1,365.10** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$571.35** towards the arrearages on or before the last day of each month at the address below;

Quicken Loan Inc.
635 Woodward Avenue
Detroit, MI 48226

c). Maintenance of monthly mortgage payments that are subject to change under the Note to the Movant thereafter.

3. Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 6, 2016            /s/ Joshua I. Goldman, Esquire
                                 Joshua I. Goldman, Esquire
                                 Attorney for Movant

Date: 10-28-2016                 _____
                                 David M. Offen Esq.
                                 Attorney for Debtor

Date: 10/27/16                   _____
                                 Frederick L. Reigle, Esquire
                                 Chaper 13 Trustee

Approved by the Court this ___ day of _____, 2016. However, the court retains discretion regarding entry of any further order.

                                 _____
                                 Bankruptcy Judge
                                 Stephen Raslavich